IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE L. PESOTSKI, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: |
| | ) |
| v. | ) |
| | ) |
| WILKES-BARRE AREA SCHOOL DISTRICT and the WILKES-BARRE AREA SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS, | ) Jury Trial Demanded |
| | ) |
| Defendants | ) |

## COMPLAINT

Plaintiff, Jamie L. Pesotski, by the following Complaint, hereby sues the Defendants, the Wilkes-Barre Area School District and the Wilkes-Barre Area School District Board of School Directors under 42 U.S.C. § 1983 for violations of the United States Constitution and other rights and privileges. As grounds therefore, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(4), as Plaintiff asserts claims arising under the Constitution and laws of United States.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) (2)

1

because the events giving rise to the claims herein occurred within this judicial district.

3. The Plaintiff, Jamie L. Pesotski, is a citizen of the United States and a resident of Luzerne County, Pennsylvania. She has been employed by the Defendant School District for eight (8) years. At all times relevant to this lawsuit, the Plaintiff was employed as a paraprofessional in the Wilkes-Barre School District, having served at the High School for approximately eight (8) years.

4. At all times relevant to this lawsuit, the Defendant, the Wilkes-Barre Area School District, was a public educational system serving the citizens of several municipalities surrounding and including the City of Wilkes-Barre, Luzerne County, Pennsylvania, with its principal business address at 730 South Main Street, Wilkes-Barre, PA 18711.

5. At all times relevant to this lawsuit, the Defendant, the Wilkes-Barre Area School District Board of School Directors, was the governing body of the Wilkes-Barre Area School District, operating and existing under the authority of the Commonwealth of Pennsylvania with its principal business address at 730 South Main Street, Wilkes-Barre, PA 18711.

6. At all times relevant to this lawsuit, the contractual relationship of the parties hereto was governed by the Pennsylvania Public School Code,

the Regulations of the State Board of Education located in Volume 22 of the Pennsylvania Code, the Wilkes-Barre Area School District Board of School Directors own policies and rules, Basic Education Circulars (known as "BECs") of the Pennsylvania Department of Education, Act 93 of the Pennsylvania Code, Chapter 235-The Code of Professional Practice and Conduct for Educators can be found at 22 Pa. Code §§235.1 - 235.11, and relevant case law.

7. At all times relevant to this lawsuit, the conduct and actions of the Plaintiff, Jamie L. Pesotski, was in complete compliance with, and not violative of, any of the provisions of the Pennsylvania Public School Code, the Regulations of the State Board of Education located in Volume 22 of the Pennsylvania Code, the policies and rules of the Wilkes-Barre Area School District Board of School Directors, Basic Education Circulars of the Pennsylvania Department of Education, Act 93 of the Pennsylvania Code or Chapter 235-The Code of Professional Practice and Conduct for Educators.

8. On August 31, 2021 at 4:06 P.M., Jamie L. Pesotski was notified by e-mail by her Union Representative that she was required to attend a previously unscheduled "meeting" with Wilkes-Barre Area School District Superintendent and/or Wilkes-Barre Area School District

Office of Human Resources at 11:30 A.M. on September 2, 2021. Although Ms. Pesotski requested to know the purpose of the meeting and whether she should have legal counsel present, her request was refused.

9. The School District's own rules and regulations require the School District to provide an employee with <u>"forty-eight (48) hours written notice"</u> before requiring an employee to appear before representatives of the School District concerning any matter which would adversely affect the employee's employment with the School District. (*Emphasis supplied*).

10. The only "notice" of the September 2, 2021 meeting received by the Plaintiff was by e-mail from her Union Representative, which was received by Ms. Pesotski forty-three (43) hours before the hearing.

11. At no time prior to the September 2, 2021 meeting did Ms. Pesotski receive a notice of the same from her employer, the Wilkes-Barre Area School District.

12. At the September 2, 2021 meeting, Ms. Pesotski was questioned by School District officials but was not told, at any time, that this meeting could result in her suspension or the termination of her employment with the Wilkes-Barre Area School District.

13. In neither the August 31, 2021 e-mail nor at the September 2, 2021 meeting, Ms. Pesotski was not told of any evidence against her or regarding her job responsibilities with the Wilkes-Barre Area School District.

14. Both before and at the September 2, 2021 meeting, Ms. Pesotski stated that she wanted an attorney present at the meeting on her behalf, but was told that she did not have a right to an attorney presence. As well, the Defendants failed to present any witnesses or evidence against Ms. Pesotski at the September 2, 2021 meeting.

15. At the conclusion of the meeting, Ms. Pesotski was told that she was suspended without pay indefinitely pending until such time if she is found "not guilty" of the criminal charge. Ms. Pesotski asked the School District Representatives why she was suspended but they refused to disclose the basis for the suspension without pay.

16. Later on September 2, 2021, when the Plaintiff had returned home from the aforesaid meeting, Ms. Pesotski received a letter from her employer, the Wilkes-Barre Area School District, dated August 31, 2021, notifying her of alleged "Loudermill Hearing" on September 2, 2021 at 11:30 A.M., which had already been held. A true and correct

copy of the August 31, 2021 letter is attached hereto and made part hereof as Exhibit "A".

17. At the alleged "Loudermill Hearing" on September 2, 2021, representatives of the School District informed the Plaintiff that there was evidence to support the Plaintiff's termination, and that, as a result, Ms. Pesotski was suspended without pay effective immediately, without providing specific information as to evidence against Ms. Pesotski, specific witnesses or specific reasons for her suspension without pay.

18. In addition to being suspended without pay, Ms. Pesotski was notified that she was prohibited from all Wilkes-Barre Area School District property or school events.  As well, Ms. Pesotski was not permitted to retrieve her many personal possessions that were located in her school office/classroom.

19. At no time prior to her suspension without pay did Ms. Pesotski receive reasons for the Plaintiff's suspension without pay.

20. The letter from her employer, the Wilkes-Barre Area School District, notifying her of a "Loudermill Hearing" on September 2, 2021, which was dated August 31, 2021 but not received until September 2, 2021 (after the alleged "Loudermill Hearing" has been held) did not provide to the Plaintiff any details as to the evidence that would be

relied upon by the School District to support their decision to suspend Ms. Pesotski without pay. This unconstitutionally impeded and restricted the Plaintiff's preparation for her suspension hearing and her right to confront her unnamed accusers.

21. At no time prior to the start of Ms. Pesotski's September 2, 2021 hearing did the Plaintiff receive the "evidence" to be used as the basis of the School District's suspension proceedings.

22. In addition, only at the very time the September 2, 2021 suspension hearing did Ms. Pesotski learn for the first time that the "meeting" being held was considered by the Wilkes-Barre Area School District as a "Loudermill" hearing. The term stems from <u>Loudermill v. Cleveland Board of Education</u>, 470 U.S. 532 (1985), in which the United States Supreme Court held that non-probationary civil servants had a property right to continued employment and such employment could not be denied to employees unless they were given an opportunity to hear and respond to the charges against them prior to being deprived of continued employment. The underlying principle in <u>Loudermill</u> is that because suspensions and/or dismissals often involve factual disputes, a hearing provides the employee an opportunity to explain and refute any

conclusions the employer reached which caused the employee's suspension and/or discharge. See Loudermill, 470 U.S. at 545.

23. The Plaintiff believes, and therefore avers that representatives of the Wilkes-Barre Area School District told the Plaintiff's union representative that they already had made up their minds and were going to "get rid" of Ms. Pesotski even before they had even spoken to Ms. Pesotski about the allegations concerning her suspension without pay, or even got her side of the story. This reflects that the Wilkes-Barre Area School District had made up their minds against the Plaintiff, before even one hearing was held concerning the Plaintiff's suspension. Accordingly, the Suspension hearing was rendered constitutionally inadequate because it was tainted and was heard by a biased tribunal.

24. At the September 2, 2021 hearing, the School District failed to present sufficient evidence to support the charges listed as grounds for Ms. Pesotski's suspension.

25. Prior to the September 2, 2021 hearing, the School District failed in adequately advising Ms. Pesotski of the cause for her proposed suspension without pay in sufficient detail to enable her to fairly defend

8

herself and prepare for the confrontation of witnesses adverse to the Plaintiff.

26. The August 31, 2021 letter charging Ms. Pesotski with wrong doing and requesting the suspension without pay of her employment did not state the names of known witnesses nor a concise summary of the evidence to be used against the Plaintiff at the time of Hearing, as required by the Pennsylvania Public School Code, the Regulations of the State Board of Education located in Volume 22 of the Pennsylvania Code, Basic Education Circulars (known as "BECs") of the Pennsylvania Department of Education, Act 93 of the Pennsylvania Code, Chapter 235-The Code of Professional Practice and Conduct for Educators can be found at 22 Pa. Code §§235.1 - 235.11, and relevant case law. The School District failed to adequately provide information that is necessary to Ms. Pesotski to defend herself of the charges against her.

27. At the time of Ms. Pesotski's September 2, 2021 "meeting" with representatives of the School District, the Plaintiff was questioned despite her requesting that she have an attorney present with her during this questioning, which was denied by the School District. It was unconstitutionally improper for the School District to use at the

suspension hearing any "evidence" that arose during this interrogation, which was obtained from Ms. Pesotski after her request that an attorney be present with her was denied by the School District.

28. School Board members and School Administrators act under color of state law so whenever a liberty or property interest of an employee is involved, the employee must be given the basic due process rights guaranteed by the United States Constitution.

29. In the instant case, the Plaintiff has a liberty right to a good reputation so that the accusations made in the Suspension proceeding stigmatized Ms. Pesotski and interfered with her liberty interest. The property right of Ms. Pesotski was also implicated because it concerns her expectation of employment so that any action that altered this expectation interfered with her property interest.

30. The Plaintiff was not permitted to return to work in her position with the Wilkes-Barre Area School District until after she was found "not guilty" and the criminal charge dismissed, after having been suspended without pay since the September 2, 2021 "Hearing" date until March 22, 2022, a period of 202 days.

31. The Defendants' actions, inactions and activities against the Plaintiff were an inappropriate use of School District resources and constituted wrongful acts.

## COUNT I

### (Violation of Plaintiff's Due Process Rights and Rights to Equal Access to Justice)

32. Plaintiff realleges paragraphs one (1) through 31 as if fully stated herein.

33. Defendants' actions as hereinbefore described violated Ms. Pesotski's Due Process rights under the Fourteenth Amendment to the United States Constitution under 42 U.S.C. 1983.

34. By such conduct of the Defendants, the Plaintiff was denied notice of accusation and the right to confront his accusers.

35. The Plaintiff was deprived of procedural due process under 42 U.S.C. §1983 by suspending her without pay without a hearing and was further deprived of significant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT II
### (Violation of Plaintiff's Due Process Rights and Rights to Equal Access to Justice)

36. Plaintiff realleges paragraphs one (1) through 35 as if fully stated herein.

37. Defendants' actions as hereinbefore described violated Ms. Pesotski's Due Process rights under the Fourteenth Amendment to the United States Constitution under 42 U.S.C. 1983.

38. The Plaintiff was deprived of procedural due process under 42 U.S.C. §1983 by suspending her without pay without a hearing and was further deprived of significant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT III
### (Breach of Contract)

39. Plaintiff realleges paragraphs one (1) through 38 as if fully stated herein.

40. A valid contract existed between the Plaintiff and the Wilkes-Barre Area School District, as described in Pennsylvania Education Act 93.

41. The Plaintiff performed under the contract fully and in good faith at all times.

42. The Defendants' suspension of the Plaintiff without pay was a breach of the contract between the parties.

43. The failure of the Defendants to abide by the contract caused the Plaintiff to incur expenses, legal fees and costs, suffer unnecessary delay and hardship, and otherwise sustain damages that would have been avoided if the Defendants had promptly and reasonably honored and complied with its statutory and contractual obligations.

44. As a direct and proximate result of the Defendants' aforementioned conduct, the Plaintiff still has not received any payment for the time of the suspension as a result of the employment contract.

45. As a result of the Defendants' breach of their duties under the foregoing employment contract and Pennsylvania law, the Plaintiff has suffered actual and consequential damages.

46. At all times relevant hereto the Plaintiff has performed her obligations under the contract.

47. In suspending the Plaintiff without pay as hereinbefore described, the Defendants have breached the terms of the agreement between Defendants and the Plaintiff.

## COUNT IV
### (Wrongful Suspension in Violation of Public Policy)

48. Plaintiff realleges paragraphs one (1) through 47 as if fully stated herein.

49. At all times herein mentioned, the Plaintiff was fully competent to perform the duties to which she was assigned.

50. The Defendants violated the Plaintiff's rights under the Due Process clause of the Fourteenth Amendment, her liberty and property rights and the Plaintiff's rights to substantive and procedural due process, and suspended the Plaintiff without pay in violation of public policy.

51. As a result of the Defendants' violation of the Plaintiff's rights under the Due Process clause of the Fourteenth Amendment, her liberty and property rights and the Plaintiff's rights to substantive and procedural due process, the Plaintiff has suffered actual and consequential damages.

52. Said suspension and discrimination violated public policy, United States and Pennsylvania common law and the Plaintiff's constitutional rights under both the United States and Pennsylvania Constitutions.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

**RELIEF REQUESTED**

1) Back-pay plus 6% interest for the income for which the Plaintiff was wrongfully deprived, from September 2, 2021 and accruing thereafter;

2) Removal of all references to the unsupported allegations of wrongdoing from the Plaintiff's personnel file;

3) Reimbursement for reasonable attorney's fees and costs already paid by the Plaintiff out-of-pocket;

4) Make whole with the Pennsylvania State Employees Retirement System;

5) All vacation, personal and optional holidays that the Plaintiff lost because of the actions of the Defendants;

6) Order that the Defendants comply with Section 1130 of the Pennsylvania School Code that states "In all cases where the final decision is in favor of the professional employe, the charges made shall be physically expunged from the records of the board of school directors, but a complete official transcript of the records of the hearing shall be delivered to the one against whom the charges were made. In all such cases there shall be no abatement of salary or compensation";

7) Imposition of further attorney's fees upon the Defendants for reasonable fees and expenses necessary to prosecute the instant action;

8) Compensatory damages for harm to the Plaintiff's reputation;

9) Compensation for loss of income caused by her suspension without pay;

10) Compensatory damages in a sum in excess of $75,000.00, along with the costs of this action, and such other relief as the court deems proper.

Respectfully submitted,

_____
ANDREW J. KATSOCK, III
Attorney for Plaintiff, Jamie L. Pesotski
15 Sunrise Drive
Wilkes-Barre, PA 18705
(570) 829-5884