IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMIE PESOTSKI,**<br>　　　　Plaintiff, | :<br>:<br>: Civil Action<br>: |
| v. | : No. 3:23-cv-00479<br>:<br>: |
| **WILKES-BARRE AREA SCHOOL DISTRICT and the WILKES-BARRE AREA SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS,**<br>　　　　Defendants. | :<br>: Hon. Christopher C. Conner<br>:<br>: |

---

### DEFENDANTS' BRIEF IN SUPPORT OF
### THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

**KING, SPRY HERMAN, FREUND, & FAUL, LLC**
John E. Freund, III, Esq.
Attorney ID # 25390
jef@kingspry.com
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
*Attorney for Defendant*

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 20, 2023, Plaintiff Jamie L. Pesotski ("Plaintiff") filed a complaint ("Complaint") against Wilkes-Barre Area School District ("School District") and Wilkes-Barre Area School District Board of School Directors ("School Board" and together with the School District, the "School District Defendants") and asserted the following causes of action: Count I – Violation of Plaintiff's Due Process Rights and Rights to Equal Access to Justice; Count II – Violation of Plaintiff's Due Process Rights and Rights to Equal Access to Justice; Count III – Breach of Contract; and Count IV – Wrongful Suspension in Violation of Public Policy. The School District Defendants now timely file their Motion to Dismiss pursuant to F. R. Civ. P. 12(b)(6).

At all times material hereto, Plaintiff was employed as a paraprofessional at a high school within the School District. *See* ECF 1, ¶ 3. The School Board was the governing body of the School District. *See* ECF 1, ¶ 4-5. Plaintiff alleges that on or about August 31, 2021, she received a notice to appear at a "Loudermill Hearing" on September 2, 2021. *See* ECF 1, ¶8, 16. Plaintiff appeared at the hearing and was suspended without pay, effective immediately. *See* ECF 1, ¶17. Plaintiff claims she was not permitted to return to work until after pending criminal charges against her were dismissed. *See* ECF 1, ¶30.

## STATEMENT OF QUESTIONS INVOLVED

I. **WHETHER COUNTS I AND II SHOULD BE DISMISSED, AS PLAINTIFF RECEIVED THE REQUISITE DUE PROCESS THROUGH A <u>LOUDERMILL</u> HEARING?**

   Suggested answer: Yes.

II. **WHETHER COUNT IV SHOULD BE DISMISSED, AS IT IS NOT AGAINST PUBLIC POLICY TO SUSPEND PLAINTIFF WITHOUT PAY PENDING THE OUTCOME OF HER CRIMINAL CASE, WHICH INCLUDED A TERMINABLE OFFENSE?**

   Suggested answer: Yes.

III. **WHETHER COUNT III OF PLAINTIFF'S COMPLAINT, A STATE LAW CLAIM, MUST BE DISMISSED FOR LACK OF JURISDICTION?**

   Suggested answer: Yes.

## SUMMARY OF THE ARGUMENT

In Counts I and II, Plaintiff alleges violations under 42 U.S.C. § 1983. To establish a valid claim under Section 1983, Plaintiff must demonstrate that Defendants, while acting under color of state law, deprived Plaintiff of a right secured by the Constitution of the laws of the United States. *See* Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995). Plaintiff cannot show deprivation of a Constitutional right; she received the requisite due process by participating in her properly noticed Loudermill hearing. *See* Loudermill v. Cleveland Board of Education, 470 U.S. 532 (1985).

In Count IV of the Complaint, Plaintiff asserts a public policy argument, stating it was improper to suspend her without pay. In addition to other charges, Plaintiff was arrested for Terroristic Threats, a misdemeanor of the first degree, which is incompatible with employment in a public school, under 24 P.S. § 1-111. It was, therefore, reasonable to suspend Plaintiff without pay, pending the outcome of her criminal case, due to the consequences of a conviction. After the charges against Plaintiff were dismissed, the School District awarded her back-pay, including holidays. Like Counts I and II, Count IV fails to assert a Constitutional violation, therefore, failing to state a claim upon which relief may be granted.

Finally, Count III of the Complaint is a state law claim, which must be dismissed for lack of jurisdiction.

## STANDARD OF REVIEW

It is proper to file a motion to dismiss because a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter that if accepted as true "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (*citations omitted*). A court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (*citations omitted*). Defendant bears the burden of demonstrating that Plaintiff has failed to state a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (*citations omitted*).

The facts alleged must amount to "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Where a complaint pleads only "facts that are 'merely consistent' with a defendant's liability," it is insufficient and cannot survive a motion to dismiss. Id. When deciding a motion to dismiss, a district court must consider: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

## LEGAL ARGUMENT

### A. COUNTS I AND II MUST BE DISMISSED, AS PLAINTIFF RECEIVED THE REQUISITE DUE PROCESS THROUGH A LOUDERMILL HEARING.

1. The September 2, 2021 Loudermill Hearing.

Counts I and II of Plaintiff's Complaint are nearly identical, so they will be taken up together. In both counts, Plaintiff alleges that her Due Process rights were violated because she was suspended without a hearing. Plaintiff's Complaint disproves the allegation that Plaintiff was denied a hearing. Plaintiff admits throughout her Complaint that she attended said hearing. *See* ECF 1, ¶ 12, 13, 14, 15, 16, 17, 21, 22, 23, 24, 25, 27, 29, 30. Despite referring to the hearing as a "meeting" several times, there is no question that the September 2, 2021 hearing was, in fact, a Loudermill hearing. Indeed, Plaintiff also repeatedly calls the September 2, 2021 date a hearing in her Complaint. *See* ECF 1, ¶ 10, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 30.

Semantics aside, Plaintiff was granted the requisite amount of due process required by Loudermill v. Cleveland Board of Education, 470 U.S. 532 (1985). In Loudermill, the Cleveland Board of Education hired James Loudermill as a security guard. On his employment application, Loudermill said that he had never been convicted of a felony. During a routine examination of his employment records almost one year later, the Board discovered that Loudermill had been convicted of

grand larceny, a felony, in 1968. The Board terminated Loudermill's employment. By letter, Loudermill was informed that he was dismissed due to his dishonesty in completing his employment application. Loudermill did not have an opportunity to respond to the charge of dishonesty or to challenge his dismissal. The United States Supreme Court found that Loudermill was deprived of liberty and property without due process. By statute, employees such as Loudermill who are classified as civil servants have a property interest in their continued employment. They can only be terminated for cause and are entitled to administrative review of the dismissal. The Court in <u>Loudermill</u> found that civil servants should also be afforded a pretermination hearing, and the Cleveland Board of Education's failure to give Loudermill an opportunity to present evidence challenging his proposed discharge violated the Fourteenth Amendment. <u>Id.</u> at 563.

In the instant case, Plaintiff admits that on September 2, 2021, she participated in a <u>Loudermill</u> hearing, during which time, she was notified that there was evidence to support her termination and therefore, she would be suspended without pay effective immediately. *See* ECF 1, ¶ 17.

    2. <u>Plaintiff Received the Requisite Amount of Due Process.</u>

In <u>Loudermill</u>, the Court held that under the Due Process Clause, public employees are entitled to, at a minimum, a pre-termination hearing, but not entitled to a full administrative hearing and judicial review. <u>Id.</u> at 545. The Court elaborated

that "the pretermination 'hearing,' though necessary, need not be elaborate. We have pointed out that '[the] formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings'" Id., *quoting* Boddie v. Connecticut, 401 U.S. 371, 378 (1971), *citing* Cafeteria Workers v. McElroy, 367 U.S. 886, 894-N95 (1961). "Something less" than a full evidentiary hearing is sufficient prior to adverse administrative action. *See* Mathews v. Eldridge, 424 U.S. 319, 343 (1976). Indeed, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." Gilbert v. Homar, 520 U.S. 924, 930 (1997) (*internal citations omitted*).

Plaintiff argues that sufficient evidence was not presented at her Loudermill hearing. However, Loudermill and its progeny do not require that Plaintiff's criminal case be proven at her Loudermill hearing. Presenting her with the charges against her and giving her an opportunity to hear those charges and respond satisfies the due process required.

    3. Plaintiff Received Notice of the Loudermill Hearing.

Plaintiff repeatedly claims that she did not receive notice of the Loudermill hearing, however, Exhibit "A" of her Complaint is a letter entitled "Notice of Loudermill Hearing." *See* ECF 1, Exhibit "A". In that notice, the Director of Human Resources writes: "This is formal notice that I am directing you to appear at a

Loudermill Hearing that I will conduct regarding the following: Arrest on charge of terroristic threats, misdemeanor of the first degree." *Id.* The notice goes on to say: "The above may warrant disciplinary action against you, including but not limited to a warning, a suspension with or without pay and/or termination of employment." *Id.* The notice provides the date of the hearing and advises Plaintiff of her various rights. Specifically, the notice states: "At that time, you will have the opportunity to respond to the issue(s) raised in this letter, as well as the opportunity to present any information about said issue(s). You also have the right to have union representation during this hearing." *Id.* By her own admission, Plaintiff received notice of the hearing. *See* ECF ¶ 10. At no point did Plaintiff request a continuance of the hearing or a new hearing. She appeared and participated. Just because Plaintiff was unhappy with the outcome of the hearing does not mean the hearing did not occur or was deficient in any way.

4. <u>No Constitutional Violation Resulted From a School District Policy, Practice, or Custom.</u>

Both Counts I and II allege Constitutional violations under 42 U.S.C. § 1983. Section 1983 does not create new rights. It merely allows a cause of action for violations of the federal Constitution or federal law. <u>Baker v. McCollan,</u> 443 U.S. 137, 144 n.3 (1979). For Plaintiff to succeed in a Section 1983 action, she must prove that Defendants both acted under color of state law and deprived her of a right under the Constitution. <u>Parratt v. Taylor,</u> 451 U.S. 527, 535 (1981).

In the instant case, Plaintiff alleges that Defendants deprived her of a Constitutional right to confront her accusers, which allegation is discussed and dismissed above. Plaintiff also alleges Defendants deprived her of her Constitutional right to liberty and property interests by suspending her without pay and without a hearing.

"[A] school board can be held responsible for a constitutional violation…only if the violation occurred as a result of the policy, custom, or practice established by the board." C.H. ex rel. Z.H. v. Olivia, 226 F.3d 198, 202 (3d Cir. 2000). Plaintiff does not allege that the Wilkes-Barre Area School District Board of School Directors in any way established a policy, custom or practice that violated Plaintiff's constitutional rights. Instead, the policy that was followed complied with the due process protections of Loudermill.

### B. COUNT IV MUST BE DISMISSED, AS IT IS NOT AGAINST PUBLIC POLICY TO SUSPEND PLAINTIFF WITHOUT PAY PENDING THE OUTCOME OF HER CRIMINAL CASE, WHICH INCLUDED A TERMINABLE OFFENSE.

Count IV of Plaintiff's Complaint repeats general claims of procedural and substantive due process, which have been discussed regarding Counts I and II. In Count IV, Plaintiff adds a general public policy argument. In evaluating a Rule 12 motion, the court can consider the Complaint, public records, and documents central to the claim that are referenced in the complaint. In this case, Plaintiff's arrest for Simple Assault (M2); Terroristic Threats (M1); Disorderly Conduct Engage in

Fighting (M3); Harassment – Subject Other to Physical Contact (S) is a matter of public record and central to Plaintiff's claim.  *See* Exhibit "A".

When a current or prospective employee of a public school is arrested or convicted of specifically enumerated offenses, the Pennsylvania Department of Education requires that form PDE-6004 be completed and submitted within seventy-two (72) hours of the arrest or conviction.  Under 24 P.S. § 1-111(f.1), Terroristic Threats is an enumerated offense because it is graded as a misdemeanor of the first degree.  *See* Exhibit "B".  Plaintiff did not submit form PDE-6004 to the School District after her arrest.

Plaintiff complains that placing her on unpaid suspension pending the outcome of her criminal case is violative of public policy.  However, had she been convicted of Terroristic Threats, a misdemeanor of the first degree, Plaintiff would have been subject to termination, under 24 P.S. § 1-111 (f.1(2)).

The purpose of a pre-termination hearing is to determine "whether there are reasonable grounds to believe the charges against the employee are true and support the proposed action."  Loudermill at 546.  "By parity of reasoning, the purpose of any pre-suspension hearing would be to assure that there are reasonable grounds to support the suspension without pay."  Gilbert v. Homar, 520 U.S. 924, 933 (1997). It is beneficial to the employee to allow time for officials to find out more information about the arrest and the charges and exercise discretion at the time that

the charges are resolved. Id. at 934. In the instant case, the charges against Plaintiff were dismissed, and within one month, she was reinstated and given back-pay. *See* Exhibit "C".

While Gilbert v. Homar finds that the government does not have to give an employee charged with a felony "a paid leave at taxpayer's expense," in this instance, under Pennsylvania law, a misdemeanor in the first degree has the same immediate effect as a felony, *i.e.*, disqualification from employment in public or private schools. Gilbert at 932. Placing Plaintiff on suspension without pay was therefore reasonable.

There is an inverse relationship between the amount of due process required at a pretermination hearing versus the remedies available afterwards. *See* Loudermill. In the public school context, even if convicted, Plaintiff would nonetheless be entitled to pretermination due process of notice and hearing provided by Section 514 of the School Code, 24 P.S. § 5-514. Defendants were not required to prove Plaintiff's criminal case or present extensive evidence not only because Loudermill does not require it, but also because Plaintiff was arrested for a terminable offense and she has significant remedies available to her after her suspension.

Plaintiff's remedies do not fall under the purview of a Constitutional claim, however. Instead, Plaintiff's remedies are within the grievance process, as outlined

in the Wilkes-Barre School District Collective Bargaining Agreement (hereinafter "CBA"). Under the CBA, Plaintiff has post-suspension remedies, including filing a grievance, which Plaintiff did on September 10, 2021. *See* Exhibit "D". As previously stated, Plaintiff also received back-pay for the entire period of her suspension.

In sum, Plaintiff received notice of the charges against her, including the charge of Terroristic Threats, a misdemeanor of the first degree and a terminable offense. Plaintiff appeared and participated in a <u>Loudermill</u> hearing. She had an opportunity to hear the charges and respond. Plaintiff was suspended without pay, which was appropriate considering her arrest for a dischargeable offense. As a union employee, Plaintiff had remedies through the grievance process, as outlined in the CBA. When the charges were dropped, Plaintiff received back-pay. There are no Constitutional claims here. Plaintiff was afforded due process, in accordance with <u>Loudermill</u>.

### C. COUNT III OF PLAINTIFF'S COMPLAINT, A STATE LAW CLAIM, MUST BE DISMISSED FOR LACK OF JURISDICTION

Fed. R. Civ. P. 12(b)(1) permits Defendants to seek dismissal on the grounds that the court lacks subject-matter jurisdiction. A federal court has supplemental jurisdiction over any state law claims which arise out of the same case and controversy as those claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction if it has

dismissed all the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The United States Supreme Court has said that "if all federal claims are dismissed before trial…the state claims should be dismissed as well." <u>United States Mineworkers v. Gibbs</u>, 383 U.S. 715, 726 (1966). Plaintiff has failed to state a claim upon which relief may be granted in Counts I, II, and IV. Therefore, Count III, the remaining state law claim, must be dismissed.

## CONCLUSION

For the reasons set forth herein, all counts of the Complaint sufficiently state that Plaintiff did have a pre-suspension hearing, which under the circumstances alleged, was all the Due Process required. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

Date: <u>July 5, 2023</u>                                  Respectfully submitted,

<u>/s/ John E. Freund, III, Esq.</u>
John E. Freund, III, Esq.
PA Attorney ID # 25390
jef@kingspry.com
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
Ph: (610) 332-0390
Fax: (610) 332-0314
*Attorney for Defendant*
