## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMIE L. PESOTSKI,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No.: 3:23-cv-00479 |
| | ) |
| v. | ) Hon. Christopher C. Conner |
| | ) |
| **WILKES-BARRE AREA SCHOOL** | ) |
| **DISTRICT and the WILKES-BARRE** | ) |
| **AREA SCHOOL DISTRICT BOARD** | ) Jury Trial Demanded |
| **OF SCHOOL DIRECTORS,** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

*************************************************************

## PLAINTIFF'S BRIEF IN OPPOSITION
## TO THE DEFENDANT'S MOTION TO DISMISS

---

### A. <u>COUNTER-STATEMENT OF FACTS:</u>

The Plaintiff, Jamie L. Pesotski, is a citizen of the United States and a resident of Luzerne County, Pennsylvania. She has been employed by the Defendant School District for eight (8) years. At all times relevant to this lawsuit, the Plaintiff was employed as a paraprofessional in the Wilkes-Barre School District, having served at the High School for approximately eight (8) years. At all times relevant to this lawsuit, the Defendant, the Wilkes-Barre Area School District, was a public educational system serving the citizens of several

1

municipalities surrounding and including the City of Wilkes-Barre, Luzerne County, Pennsylvania.  At all times relevant to this lawsuit, the Defendant, the Wilkes-Barre Area School District Board of School Directors, was the governing body of the Wilkes-Barre Area School District.

At all times relevant to this lawsuit, the contractual relationship of the parties hereto was governed by the Pennsylvania Public School Code, the Regulations of the State Board of Education located in Volume 22 of the Pennsylvania Code, the Wilkes-Barre Area School District Board of School Directors own policies and rules, Basic Education Circulars (known as "BECs") of the Pennsylvania Department of Education, Act 93 of the Pennsylvania Code, Chapter 235-The Code of Professional Practice and Conduct for Educators can be found at 22 Pa. Code §§235.1 - 235.11, and relevant case law.

At all times relevant to this lawsuit, the conduct and actions of the Plaintiff, Jamie L. Pesotski, was in complete compliance with, and not violative of, any of the provisions of the Pennsylvania Public School Code, the Regulations of the State Board of Education located in Volume 22 of the Pennsylvania Code, the policies and rules of the Wilkes-Barre Area School District Board of School Directors, Basic

Education Circulars of the Pennsylvania Department of Education, Act 93 of the Pennsylvania Code or Chapter 235-The Code of Professional Practice and Conduct for Educators.

On August 31, 2021 at 4:06 P.M., Jamie L. Pesotski was notified by e-mail by her Union Representative that she was required to attend a previously unscheduled "meeting" with Wilkes-Barre Area School District Superintendent and/or Wilkes-Barre Area School District Office of Human Resources at 11:30 A.M. on September 2, 2021. Although Ms. Pesotski requested to know the purpose of the meeting and whether she should have legal counsel present, her request was refused. The School District's own rules and regulations require the School District to provide an employee with <u>"forty-eight (48) hours written notice"</u> before requiring an employee to appear before representatives of the School District concerning any matter which would adversely affect the employee's employment with the School District. (*Emphasis supplied*). The only "notice" of the September 2, 2021 meeting received by the Plaintiff was by e-mail from her Union Representative, which was received by Ms. Pesotski forty-three (43) hours before the hearing.

At no time prior to the September 2, 2021 meeting did Ms. Pesotski receive a notice of the same from her employer, the Wilkes-Barre Area School District. At the September 2, 2021 meeting, Ms. Pesotski was questioned by School District officials but was not told, at any time, that this meeting could result in her suspension or the termination of her employment with the Wilkes-Barre Area School District.  In neither the August 31, 2021 e-mail nor at the September 2, 2021 meeting, Ms. Pesotski was not told of any evidence against her or regarding her job responsibilities with the Wilkes-Barre Area School District.  Both before and at the September 2, 2021 meeting, Ms. Pesotski stated that she wanted an attorney present at the meeting on her behalf, but was told that she did not have a right to an attorney presence.  As well, the Defendants failed to present any witnesses or evidence against Ms. Pesotski at the September 2, 2021 meeting.

At the conclusion of the meeting, Ms. Pesotski was told that she was suspended without pay indefinitely pending until such time if she is found "not guilty" of the criminal charge.  Ms. Pesotski asked the School District Representatives why she was suspended but they refused to disclose the basis for the suspension without pay.  Later on September 2, 2021, when the Plaintiff had returned home from the

aforesaid meeting, Ms. Pesotski received a letter from her employer, the Wilkes-Barre Area School District, dated August 31, 2021, notifying her of alleged "Loudermill Hearing" on September 2, 2021 at 11:30 A.M., which had already been held. A true and correct copy of the August 31, 2021 letter is attached to the Plaintiff's Complaint and made part hereof as Exhibit "A".

At the alleged "Loudermill Hearing" on September 2, 2021, representatives of the School District informed the Plaintiff that there was evidence to support the Plaintiff's termination, and that, as a result, Ms. Pesotski was suspended without pay effective immediately, without providing specific information as to evidence against Ms. Pesotski, specific witnesses or specific reasons for her suspension without pay. In addition to being suspended without pay, Ms. Pesotski was notified that she was prohibited from all Wilkes-Barre Area School District property or school events.  As well, Ms. Pesotski was not permitted to retrieve her many personal possessions that were located in her school office/classroom. At no time prior to her suspension without pay did Ms. Pesotski receive reasons for the Plaintiff's suspension without pay.  The letter from her employer, the Wilkes-Barre Area School District, notifying her of a "Loudermill Hearing" on September 2, 2021, which

was dated August 31, 2021 but not received until September 2, 2021 (after the alleged "Loudermill Hearing" has been held) did not provide to the Plaintiff any details as to the evidence that would be relied upon by the School District to support their decision to suspend Ms. Pesotski without pay.  This unconstitutionally impeded and restricted the Plaintiff's preparation for her suspension hearing and her right to confront her unnamed accusers.  At no time prior to the start of Ms. Pesotski's September 2, 2021 hearing did the Plaintiff receive the "evidence" to be used as the basis of the School District's suspension proceedings.

In addition, only at the very time the September 2, 2021 suspension hearing did Ms. Pesotski learn for the first time that the "meeting" being held was considered by the Wilkes-Barre Area School District as a "Loudermill" hearing.  The term stems from <u>Loudermill v. Cleveland Board of Education</u>, 470 U.S. 532 (1985), in which the United States Supreme Court held that non-probationary civil servants had a property right to continued employment and such employment could not be denied to employees unless they were given an opportunity to hear and respond to the charges against them prior to being deprived of continued employment.  The underlying principle in <u>Loudermill</u> is that

because suspensions and/or dismissals often involve factual disputes, a hearing provides the employee an opportunity to explain and refute any conclusions the employer reached which caused the employee's suspension and/or discharge. See Loudermill, 470 U.S. at 545.

The Plaintiff's Complaint states that she believes, and therefore avers that representatives of the Wilkes-Barre Area School District told the Plaintiff's union representative that they already had made up their minds and were going to "get rid" of Ms. Pesotski even before they had even spoken to Ms. Pesotski about the allegations concerning her suspension without pay, or even got her side of the story.  This reflects that the Wilkes-Barre Area School District had made up their minds against the Plaintiff, before even one hearing was held concerning the Plaintiff's suspension.  Accordingly, the Suspension hearing was rendered constitutionally inadequate because it was tainted and was heard by a biased tribunal.

At the September 2, 2021 hearing, the School District failed to present sufficient evidence to support the charges listed as grounds for Ms. Pesotski's suspension.  Prior to the September 2, 2021 hearing, the School District failed in adequately advising Ms. Pesotski of the cause for her proposed suspension without pay in sufficient detail to enable

her to fairly defend herself and prepare for the confrontation of witnesses adverse to the Plaintiff. The August 31, 2021 letter charging Ms. Pesotski with wrong doing and requesting the suspension without pay of her employment did not state the names of known witnesses nor a concise summary of the evidence to be used against the Plaintiff at the time of Hearing, as required by the Pennsylvania Public School Code, the Regulations of the State Board of Education located in Volume 22 of the Pennsylvania Code, Basic Education Circulars (known as "BECs") of the Pennsylvania Department of Education, Act 93 of the Pennsylvania Code, Chapter 235-The Code of Professional Practice and Conduct for Educators can be found at 22 Pa. Code §§235.1 - 235.11, and relevant case law. The School District failed to adequately provide information that is necessary to Ms. Pesotski to defend herself of the charges against her.

At the time of Ms. Pesotski's September 2, 2021 "meeting" with representatives of the School District, the Plaintiff was questioned despite her requesting that she have an attorney present with her during this questioning, which was denied by the School District. It was unconstitutionally improper for the School District to use at the suspension hearing any "evidence" that arose during this interrogation,

which was obtained from Ms. Pesotski after her request that an attorney be present with her was denied by the School District. School Board members and School Administrators act under color of state law so whenever a liberty or property interest of an employee is involved, the employee must be given the basic due process rights guaranteed by the United States Constitution.

In the instant case, the Plaintiff has a liberty right to a good reputation so that the accusations made in the Suspension proceeding stigmatized Ms. Pesotski and interfered with her liberty interest. The property right of Ms. Pesotski was also implicated because it concerns her expectation of employment so that any action that altered this expectation interfered with her property interest. The Plaintiff was not permitted to return to work in her position with the Wilkes-Barre Area School District until after she was found "not guilty" and the criminal charge dismissed, after having been suspended without pay since the September 2, 2021 "Hearing" date until March 22, 2022, a period of 202 days. The Defendants' actions, inactions and activities against the Plaintiff were an inappropriate use of School District resources and constituted wrongful acts.

The Plaintiff then filed a four (4) Count Complaint, alleging causes of action for Violation of Plaintiff's Due Process Rights and Rights to Equal Access to Justice, for Violation of Plaintiff's Due Process Rights and Rights to Equal Access to Justice, for Breach of Contract and for Wrongful Suspension in Violation of Public Policy. The Defendants have now filed a 12 (b) (6) Motion to Dismiss which sounds as a Motion for Summary Judgment.

**B. ARGUMENT:**

**I.    STANDARD OF REVIEW AND APPLICABLE LAW**

Under Federal Rule 12(b) (6), the Court must deny the Defendant's motion to dismiss unless the Defendant demonstrates "beyond doubt that the [Plaintiff] can prove no set of facts in support of [his] claim that would entitle [him] to relief." Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir.1997); Morse v. Lower Merion School District (3rd Cir.1997). In making this determination, the Court must also "accept the factual allegations in the [Plaintiff's] complaint and must construe those facts in the light most favorable to the [Plaintiff]". *Id.* Ultimately, the Court must determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008); Rocks

v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.1989); D.P. Enter. Inc.

v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir.1984).

The pleading must contain sufficient factual allegations so as to state a

facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut.

Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir.2009). A claim possesses such

plausibility "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id.* at 190 (quoting Ashcroft v. Iqbal, 129 S.Ct.

1937, 1949 (2009)). As demonstrated below, the Defendant's motion

cannot survive the application of these standards.

In deciding a Rule 12(b)(6) motion, a court must consider only the

complaint, exhibits attached to the complaint, matters of public record,

as well as undisputedly authentic documents if the complainant's claims

are based upon these documents. See, e.g., Pension Benefit Guar. Corp.

v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993). The

Court cannot consider factual claims or defenses that are not contained

in the Plaintiff's Complaint or exhibits, as the Defendants have done in

this case by making factual arguments not of record and attaching four

(4) Exhibits to their Motion to Dismiss, which as well are not of record.

However, any alleged factual statements contained in the Defendants'

Brief are not part of the Plaintiff's Complaint, and as such acts as an impermissible "speaking" 12 (b) (6) Motion.

## II.    PLAINTIFF'S OBJECTION TO TREATMENT OF THE DEFENDANT'S INSTANT FILING AS A 12 (b) (6) MOTION

The Defendants have filed a motion seeking dismissal of the Plaintiff's Complaint under F. R. Civ. P. 12 (b) (6) although no factual discovery has yet commenced in this case. Rather, in support of this motion, the Moving Defendants have submitted factual statements and representations that are not of record in the instant case.

Simply stated, where are the above "facts" stated in the record in this matter. There can be no serious question that the above declarations are outside the sole pleading in this matter: the Plaintiff's Complaint. Likewise, there can be no serious question that the said declarations are presented to this Honorable Court as evidence and/or testimony, which has not been subjected to cross examination. The Defendants therefore seek to have this Honorable Court consider this testimony and the evidence to support their Motion to Dismiss.

Federal Rule of Civil Procedure 12, entitled "Defenses and Objections: When and How Presented; Motion for Judgment on the

Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing"

states, in relevant part:

> **"d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."**

Accordingly, there is no question that the Defendants' instant

Motion to Dismiss must be considered as a Motion for Summary

Judgment under Rule 56.  And as F.R.Civ.P. 12 (d) directs: "All parties

must be given a reasonable opportunity to present all the material that

is pertinent to the (summary judgment) motion."

Rule 56 of the Federal Rules of Civil Procedure "mandates the

entry of summary judgment, <u>after adequate time for discovery</u> and

upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial." <u>Celotex</u>

<u>Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  As motions for summary

judgment are only ripe after discovery and when the pleadings are

closed, it is inappropriate for this Honorable Court to consider the

Defendants' dismissal motion at this time.

## III. MOFFITT'S TERMINATION WAS IN VIOLATION OF HIS LOUDERMILL AND DUE PROCESS RIGHTS

During the "meeting" on September 2, 2021 with representatives of the School District, the Plaintiff was told for the first time during the meeting that it was a *Loudermill* hearing and given the charges against her to suspend/terminate her employment with the School District. She was not provided with the evidence against her. The meeting failed to meet the minimum requirements of *Loudermill*. The School District failed to provide the required list of witnesses and failed to provide Plaintiff with the evidence to support the charges against her.

The Due Process Clause of the Fourteenth Amendment encompasses three kinds of federal protections:

(1) claims for the deprivation of those rights in the Bill of Rights made applicable to the states through incorporation;

(2) claims under the substantive component of the Due Process Clause "that bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement them'" (Zinermon, 494 U.S. at 125 (quoting Daniels, 474 U.S. at 331); and

(3) claims under the procedural component of the Due Process Clause that prohibits the deprivation of life, liberty, or property without fair procedure. *Id.*

A claim based on denial of procedural due process challenges the constitutional adequacy of state law procedural protections accompanying an alleged deprivation of a constitutionally protected interest in life, liberty, or property. The deprivation of life, liberty, or property alone is a necessary, but not sufficient, condition; to be actionable, the deprivation must have been without adequate process.

A procedural due process analysis addresses two questions. The "first asks whether there exists a [life,] liberty or property interest which has been interfered with by the state; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).

A court encountering a procedural due process claim must first determine whether the plaintiff has been deprived of a life, liberty, or property interest that is constitutionally protected as a matter of substantive law. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985). See, e.g., Paul v. Davis, 424 U.S. 693, 712 (1976) (holding that "the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law").

While liberty interests may be derived directly from the Due Process Clause of the Constitution (*See, e.g.*, <u>Washington v. Harper</u>, 494 U.S. 210, 221–22 (1990) (Due Process Clause confers on prisoners a liberty interest in being free from involuntary administration of psychotropic drugs); <u>Vitek v. Jones</u>, 445 U.S. 480, 493–94 (1980) (Due Process Clause confers on prisoners a liberty interest in not being involuntarily committed to a state mental hospital). or be created by state law (<u>Wolff v. McDonnell</u>, 418 U.S. 539, 557 (1974) (state law created a liberty interest in a "shortened prison sentence" that resulted from good time credits), property interests "are created from an independent source such as state law." <u>Cleveland Bd. of Educ.</u>, 470 U.S. at 538 (citing <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 577 (1972)).

In <u>Board of Regents v. Roth</u>, 408 U.S. 564 (1972), the Supreme Court provided the following guidance for determining when a party has a property interest safeguarded by procedural due process:

> "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it……….. .Property interests . . . are not created by the [federal] Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 577.

An individual has a "legitimate claim of entitlement" to a government dispensed commodity when the state establishes fairly objective standards of eligibility for receiving the commodity. The Supreme Court has found protected property interests in a variety of government dispensed commodities made available to those who satisfy objective eligibility standards, including public employment. *See, e.g.,* Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538–39 (1985).

Procedural Safeguards: The *Parratt–Hudson* Doctrine

Once a protected interest has been identified, a court must examine the process that accompanies the deprivation of that protected interest and decide whether the procedural safeguards built into the process are constitutionally adequate. Zinermon v. Burch, 494 U.S. 113, 126 (1990). The issue of which procedural safeguards must accompany a state's deprivation of a constitutionally protected interest is a matter of federal law. Vitek v. Jones, 445 U.S. 480, 491 (1980).

When the procedural due process claim contests the adequacy of notice, the court must determine whether the grievant was given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [proceeding] and afford them an opportunity to present their objections." Mullane v. Cent. Hanover

Bank & Trust Co., 339 U.S. 306, 314 (1950). *See* Jones v. Flowers, 126 S.

Ct. 1708 (2006); Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S.

478 (1988); Menonite Bd. of Missions v. Adams, 462 U.S. 791 (1983);

Greene v. Lindsey, 456 U.S. 444 (1982); Armstrong v. Manzo, 380 U.S.

545 (1965).

When the procedural due process claim concerns some aspect of

the opportunity to be heard, the courts employ the Mathews v.

Eldridge,424 U.S. 319 (1976), balancing formula to determine the

procedures required by the Due Process Clause.  In *Mathews*, the Court

set forth three competing factors to be weighed in determining the

sufficiency of procedural safeguards accompanying deprivations caused

by the government:

First, the private interest that will be affected by the official

action;  second, the risk of an erroneous deprivation of such interest

through the  procedures used, and the probable value, if any, of

additional or substitute procedural safeguards; and, finally, the

Government's interest, including the function involved and the fiscal

and administrative burdens that the additional or substitute procedural

requirements would entail.  *Id.* at 335. *See, e.g.,* Wilkinson v. Austin, 545

U.S. 209, 228 (2005).

The courts normally determine the procedures required by *Mathews* balancing as a matter of law. Generally, due process requires some notice and an opportunity to be heard *prior* to the deprivation of a protected interest. <u>Cleveland Bd. of Educ. v. Loudermill,</u> 470 U.S. 532, 542 (1985).

The Court in *Loudermill* stated:

> "The essential requirements of due process, and all that Respondents seek or the Court of Appeals required, are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. See Friendly, 'Some Kind of Hearing', 123 U.Pa.L.Rev. 1267, 1281 (1975). The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. See <u>Arnett v. Kennedy,</u> 416 U.S. at 1780-171 (opinion of Powell, J.); id., at 195-196 (opinion of White, J.); see also <u>Goss v. Lopez,</u> 419 U.S. at 581."

In the present case, Pesotski was suspended without pay prior to receiving a *Loudermill* hearing. The Plaintiff attended her Suspension/ Termination Meeting on September 2, 2021, still not having received a list of witnesses or evidence against her. As well, Ms. Pesotski did not receive any written evidence that would be presented to the School Board at the Hearing. It is clear that Pesotski was not provided with the protections required by *Loudermill* prior to his suspension without pay.

In <u>Moffitt v. Tunkhannock Area School District</u>, 2013 U.S. LEXIS 181603 (December 31, 2013), the Honorable United States District Court Judge Malachy E. Mannion set forth the due process required when a school board suspends a tenured professional educator with "intent to dismiss":

> "Moreover, when a suspension includes an 'intent to dismiss', due process protections are triggered because 'the suspension [is] the functional equivalent of permanent discharge subject to a condition subsequent.' <u>Gniotek v. City of Philadelphia</u>, 808 F.2d 241, 243-244 (3rd Cir. 1986). 'Suspension with intent to terminate is a *de facto* termination, and as such, the deprivation occurs on the date the public employee was suspended.' <u>Belas v. Juniata County School Dist.</u>, 2005 U.S. Dist. LEXIS 36689, 2005 WL 2100666, 86 (M.D. Pa. August 26, 2005). In this case, the school administration recommended termination, so the suspension was essentially made with the intent to dismiss. Given the intent to terminate is *de facto* termination pending the school board's action, the plaintiff was 'entitled to whatever pretermination procedures the Constitution mandates prior to actual dismissal'" <u>Gniotek</u>, 808 F.2d 241, 244. Id. at page 5."

Since Pesotski's due process rights were violated, the decision of the School District to suspend and/or terminate the Plaintiff should have been reversed by the Board of Education, after holding a hearing so that the Plaintiff could present testimony.

## IV. THE PLAINTIFF HAS ADEQUATELY STATED
## A CLAIM UNDER 42 U.S.C. §1983

Plaintiff brought this civil rights action under 42 U.S.C. Section 1983 which was designed to protect the civil federal rights of individuals. Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C.A. §1983.

Because 1983 is remedial, its protections are applied liberally to serve its goals. By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights, created by the Constitution or federal law. Baker v. McCollan, 443 U.S. 137144 n. 3, 99 S.Ct. 2689, 2695 n. 3, 61 L.Ed.2d 433 (1979); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3rd Cir., 1996).

In order to state a claim, the Plaintiff must show that Defendants, acting under color of state law, deprived her of a right secured by the Constitution or the laws of the United States. See Parratt v. Taylor,

451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981),

overruled on other grounds; <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct.

662, 88 L.Ed.2d 662 (1986).

## V. ALL THE CLAIMS DEFENDANTS' SEEK TO DISMISS MEET FED.R.CIV.P. 12(b)(6)'S PLEADING STANDARDS

When reviewing a motion to dismiss under Fed. R. Civ. P.

12(b)(6), a court merely seeks a short and plain statement of the claim

showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a);

<u>Rowen Petroleum Properties, LLC v. Hollywood Tanning Systems, Inc.</u>,

Civ. No. 08-4764 (NLH), 2009 WL 10855737 at *2 (D.N.J. Apr. 20,

2009). A complaint needs only contain sufficient factual matter to "state

a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129

S.Ct. 1937, 1949 (2009). In evaluating such "factual matter", the

allegations are construed in the light most favorable to the plaintiff and

all facts alleged are assumed true. <u>Broadcom Corp. v. Qualcomm, Inc.</u>,

501 F.3d 297, 306 (3d Cir. 2007). As to evaluation on such a motion ,

Fed, R. Civ. P. 8 must be reviewed.

"Rule 8. General Rules of Pleading

(a) Claims for Relief.
A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction,        unless the court already has jurisdiction and the claim needs no new        jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is    entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative  or different types of relief
        ……………………………………………………..
(e) Construing Pleadings.
Pleadings must be construed so as to do justice."


The inquiry is not whether the allegations contain an evidentiary level of fine detail, but simply, whether they "provide notice of the 'precise misconduct' with which defendants are charged" so defendants can respond meaningfully to the complaint, "and to prevent false or unsubstantiated charges." <u>Serville Indust. Machinery v. Southmost Machinery</u>, 742 F.2d 786, 791 (3d Cir. 1984).

As demonstrated herein, the Complaint satisfies both the more general standard of notice pleading and the heightened requirements of Rule 9(b) and, when the appropriate legal standards are applied, all the claims by the Plaintiff, Jamie L. Pesotski, merit retention at this stage of the litigation.

## VI. THE PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §1983 ARE PLED WITH REQUISITE SPECIFICITY AND SHOULD NOT BE DISMISSED

The Plaintiff's Complaint here does not simply make general allegations.  Rather, the pleading describes the actions of the Defendants in considerable detail.

"The most basic consideration in judging the sufficiency of a pleading is whether it provides adequate notice to an adverse party to enable it to prepare a responsive pleading."  Greenhouse v. Cardinal IG Corp., 11 F. Supp. 2d 521, 528 (D.N.J. 1998); see also Craftmatic Sec. Litig. V. Kraftsow, 890 F.2d 628, 645 (3d Cir. 1989); In re Midatlantic Corp. Shareholder Lit., 758 F. Supp. 226, 231 (D.N.J. 1990), citing Commodity Futures Trading Com'n v. American Metal Exchange Corp., 693 F. Supp. 168, 190-91 (D.N.J. 1988).

Here it cannot seriously be suggested that the Plaintiff has failed to identify, with that modicum of specificity required, the nature of the Defendants' actions complained about, which act as the basis of the lawsuit.  Because the Plaintiff has adequately pled his claims under the standard of Rule 8, that Rule cannot provide grounds for dismissal under Fed. R. Civ. P. 12(b)(6).

## VII. THE PLAINTIFF'S COMPLAINT SETS FORTH SUFFICIENT FACTS TO SUPPORT A CAUSE OF ACTION FOR WRONGFUL SUSPENSION

Importantly, the Plaintiff alleges in his Complaint that at all times herein mentioned, the Plaintiff was fully competent to perform the duties to which she was assigned. The Complaint specifically alleges that the Defendants violated the Plaintiff's rights under the Due Process clause of the Fourteenth Amendment, her liberty and property rights and the Plaintiff's rights to substantive and procedural due process, and suspended the Plaintiff without pay in violation of public policy. Furthermore, Ms. Pesotski alleges that as a result of the Defendants' violation of the Plaintiff's rights under the Due Process clause of the Fourteenth Amendment, her liberty and property rights and the Plaintiff's rights to substantive and procedural due process, the Plaintiff has suffered actual and consequential damages and that said suspension and discrimination violated public policy, United States and Pennsylvania common law and the Plaintiff's constitutional rights under both the United States and Pennsylvania Constitutions.

## VIII. THE PLAINTIFF'S COMPLAINT SETS FORTH SUFFICIENT FACTS TO SUPPORT A CAUSE OF ACTION FOR VIOLATION OF HIS DUE PROCESS RIGHTS

In his Complaint, the Plaintiff alleged that the Defendants' actions as described violated Ms. Pesotski's Due Process rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. 1983. By such conduct of the Defendants, the Plaintiff was denied notice of accusation and the right to confront her accusers. The Plaintiff was deprived of procedural due process under 42 U.S.C. §1983 by the Defendants' suspending her without pay without a hearing and was further deprived of significant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

In order to establish a valid claim for deprivation of procedural due process under 42 U.S.C. 1983, a plaintiff must show that a government entity deprived him of a right secured by law. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923-24, 64 L.Ed.2d 572 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). A plaintiff must have a property interest in a benefit that is "more than an abstract need or desire for it.... [he] must, instead, have a legitimate claim of entitlement to it" under state

or federal law in order to state a § 1983 claim. <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

The allegations in the Complaint are sufficient to support a cause of action based on the Plaintiff being deprived of procedural due process under 42 U.S.C. §1983 by suspending her without pay without a hearing and was further deprived of significant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## IX. THE PLAINTIFF WAS NOT MADE WHOLE BY THE LATER ACTIONS OF THE DEFENDANTS

The Defendants Brief improperly seeks to assert facts not in evidence in this case, claiming that the Plaintiff was later made whole by the Defendants after her suspension.  Not only is this argument improper, but it not factual either.  The Plaintiff has not been made whole for her improper suspension, and the specific relief requested by the Plaintiff's Complaint is

1) Back-pay plus 6% interest for the income for which the Plaintiff was wrongfully deprived, from September 2, 2021and accruing thereafter;

2) Removal of all references to the unsupported allegations of wrongdoing from the Plaintiff's personnel file;

3) Reimbursement for reasonable attorney's fees and costs already paid by the Plaintiff out-of-pocket;

4) Make whole with the Pennsylvania State Employees Retirement System;

5) All vacation, personal and optional holidays that the Plaintiff lost because of the actions of the Defendants;

6) Order that the Defendants comply with Section 1130 of the Pennsylvania School Code that states "In all cases where the final decision is in favor of the professional employe, the charges made shall be physically expunged from the records of the board of school directors, but a complete official transcript of the records of the hearing shall be delivered to the one against whom the charges were made. In all such cases there shall be no abatement of salary or compensation";

7) Imposition of further attorney's fees upon the Defendants for reasonable fees and expenses necessary to prosecute the instant action;

8) Compensatory damages for harm to the Plaintiff's reputation;

9) Compensation for loss of income caused by her suspension without pay;

10)      Compensatory damages in a sum in excess of $75,000.00,

along with the costs of this action, and such other relief as the

court deems proper.

The Defendants' Brief does not address all of the elements of

damage sought by the Plaintiff.

## X.     DISMISSAL UNDER FED. R. CIV. P. 9(b) WOULD BE IMPROPER BECAUSE ANY DEFICIENCY IN THE PLAINTIFF'S PLEADINGS CAN BE CURED BY AMENDMENT

The Defendants have glossed over the procedural posture of this

case, namely that no discovery has yet been conducted.  Proper

discovery by both sides would  provide all of the evidence in which to

consider a Motion for Summary Judgment by one or both parties.  Yet

the Defendants' seek the extraordinary remedy of dismissal with

prejudice under Fed. R. Civ. P. 9(b), seldom granted even based on far

less detailed pleadings filed in federal court, and upon no showing of

prejudice.  Defendants' motion should be denied if only to permit a

compliant amendment of the Complaint pursuant to Fe. R. Civ. P. 15(a)

rather than dismissing the Plaintiff's claims outright.

The cases are clear on this.  "Under the liberal pleading

philosophy of the federal rules as incorporated in Rule 15(a), an

amendment should be allowed whenever there has not been undue

delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay. Adams v. Gould, Inc., 739 F.2d 858, 867-68 (3d Cir. 1984). In particular, a party such as the Plaintiff, Ms. Pesotski, "should be given the opportunity to amend their complaint prior to dismissal". Therefore, in the event the Court was to find that the Plaintiff's claims are pled insufficiently, the appropriate relief is that the Plaintiff be granted to amend her pleading.

## C. CONCLUSION:

The Plaintiff, Jamie Pesotski, respectfully requests that this Court deny Defendants' Motion to Dismiss with respect to his procedural and substantive due process claims, be allowed to proceed to discovery. The Plaintiff's Complaint and accompanying evidence clearly shows that the defendants named in this Section 1983 Action violated the Plaintiff's Civil and Constitutional Rights, committed several unethical and illegal acts, and violated the laws of both the United States of America and the Commonwealth of Pennsylvania. The Defendants' conspired to do these actions to the Plaintiff while under "Color of Law" or "Color of Authority". The Defendants have violated their Oaths of Office.

To the extent that this Court is inclined to grant Defendants' motion, the Plaintiff respectfully requests an opportunity to amend his

Complaint to provide more detail as this court deems necessary.

For all the foregoing reasons, this Honorable Court should deny the Defendants' Motion to Dismiss in its entirety.

Respectfully submitted,

ANDREW J. KATSOCK, III
Attorney for Plaintiff, Jamie L. Pesotski
15 Sunrise Drive
Wilkes-Barre, PA 18705
(570) 829-5884

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a true and correct copy of the Plaintiff's

brief on opposing counsel, by electronic filing, addressed to:

John E. Freund, III, Esquire
One West Broad Street, Suite 700
Bethlehem, PA 18018
jef@kingspry.com


Respectfully submitted,


ANDREW J. KATSOCK, III
Attorney for Plaintiff, Jamie L. Pesotski
15 Sunrise Drive
Wilkes-Barre, PA 18705
(570) 829-5884