# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMIE PESOTSKI,**<br>　　　　**Plaintiff,**<br><br>v.<br><br>**WILKES-BARRE AREA SCHOOL DISTRICT and the WILKES-BARRE AREA SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS,**<br>　　　　**Defendants.** | :<br>:<br>: **Civil Action**<br>:<br>: **No. 3:23-cv-00479**<br>:<br>:<br>:<br>: Hon. Christopher C. Conner<br>:<br>:<br>: |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**KING, SPRY HERMAN, FREUND, & FAUL, LLC**
John E. Freund, III, Esq.
Attorney ID # 25390
jef@kingspry.com
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
*Attorney for Defendants*

{01178637}

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 20, 2023, Plaintiff Jamie L. Pesotski ("Plaintiff") filed a complaint ("Complaint") against Wilkes-Barre Area School District ("School District") and Wilkes-Barre Area School District Board of School Directors ("School Board" and together with the School District, the "School District Defendants") and asserted the following causes of action: Count I – Violation of Plaintiff's Due Process Rights and Rights to Equal Access to Justice; Count II – Violation of Plaintiff's Due Process Rights and Rights to Equal Access to Justice; Count III – Breach of Contract; and Count IV – Wrongful Suspension in Violation of Public Policy.  On July 5, 2023, the School District Defendants filed their Motion to Dismiss pursuant to F. R. Civ. P. 12(b)(6).  Plaintiff filed a Brief in Opposition on July 19, 2023, to which the School District Defendants now timely file their Reply Brief.

At all times material hereto, Plaintiff was employed as a paraprofessional at a high school within the School District.  *See* ECF 1, ¶ 3.  The School Board was the governing body of the School District.  *See* ECF 1, ¶ 4-5.  Plaintiff alleges that on or about August 31, 2021, she received a notice to appear at a "Loudermill Hearing" on September 2, 2021.  *See* ECF 1, ¶¶8, 16.  Plaintiff appeared at the hearing and was suspended without pay, effective immediately.  *See* ECF 1, ¶17.  Plaintiff claims she was not permitted to return to work until after pending criminal charges against her were dismissed.  *See* ECF 1, ¶30.

## **LEGAL ARGUMENT**

### **A. THIS COURT MAY RELY ON ATTACHED EXHIBITS IN CONSIDERING MOTION TO DISMISS.**

Plaintiff complains in her Brief in Opposition that School District Defendants attached exhibits to their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). In considering a Motion to Dismiss, the Court generally relies on the complaint, attached exhibits and matters of public record. <u>Sands v. McCormick</u>, 502 F.3d 263 (3d Cir. 2007). However, the Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). In this case, School District Defendants attached to their Motion to Dismiss four exhibits which are material to Plaintiff's claims.

School District Defendants attached Exhibit A, Plaintiff's public docket sheet, showing her arrest for Terroristic Threats, a misdemeanor in the first degree, and the charge at issue in this case. Exhibit B is a blank Arrest/Conviction Report and Certification form, listing the reportable offenses, which includes "(2) An offense graded as a misdemeanor of the first degree, other than one of the offenses enumerated under 24 P.S. §1-111(e), if less than (5) five years has elapsed from the date of expiration of the sentence for the offense." Exhibit C is a school record showing Plaintiff's retroactive pay calculation for the time of her suspension, which

matches the time period noted by Plaintiff in her Complaint. Exhibit D is the grievance report form that was filed by the Wilkes Barre Secretaries and Associates Education Support Personnel Association in care of Jamie Pesotski, the Plaintiff. The documents all help to form the basis of Plaintiff's claim and are necessary in this Court's consideration of the Motion to Dismiss.

### B. PLAINTIFF'S SUSPENSION WAS NOT IN VIOLATION OF HER DUE PROCESS RIGHTS.

1. <u>Moffitt v. Tunkhannock Area School District is Distinguishable.</u>

Plaintiff's Brief in Opposition applies the due process standard set forth in <u>Moffitt v. Tunkhannock Area School District</u> to the instant case. <u>Moffitt v. Tunkhannock</u>, CIVIL ACTION NO. 3:13-1519 (M.D. Pa. Dec. 31, 2013). Plaintiff misses the mark. <u>Moffitt</u> is distinguishable from Plaintiff's case in three key ways.

First, Plaintiff in <u>Moffitt</u> was not charged with a criminal offense at all, let alone an offense which, if convicted, is inconsistent with employment in a public school. In <u>Moffitt</u>, Plaintiff Moffitt was a principal who raised concerns about mold at one of the schools. He later opposed the election of a member of the school board who made allegedly false statements about Moffitt. Moffitt was then suspended without pay. In the instant case, Plaintiff Pesotski was charged with a misdemeanor of the first degree, which, if convicted, meant that her employment would be terminated as a matter of law.

Second, Moffitt was a tenured professional educator who was suspended with "intent to dismiss." The due process standard enumerated in <u>Moffitt</u> and cited by Pesotski in her Brief in Support simply does not apply to the instant situation because Moffitt and Plaintiff Pesotski are not similarly situated. Plaintiff Pesotski is a non-tenured paraprofessional who belongs to a union. The union filed a grievance on Pesotski's behalf. Pesotski, therefore, has a remedy within the grievance process. Moffitt, by contrast, was a not a member of a union and did not have the same remedy within the grievance process that Plaintiff Pesotski has.

Finally, unlike Plaintiff Moffitt, Plaintiff Pesotski was not suspended with the intent to dismiss. She was suspended pending the outcome of her criminal charges. This is evidenced by the fact that she was returned to employment and made whole through retroactive salary payment after the disposition of her charges.

This case is distinguishable from <u>Moffitt</u> in that Plaintiff Pesotski was charged with a misdemeanor of the first degree, which is incompatible with public school employment; she has remedies available to her through the grievance process; and she was not suspended with the intent to dismiss. Therefore, the due process standard from <u>Moffitt</u>, cited by Plaintiff in her Brief in Opposition does not apply to this case.

    2. <u>Suspension without Pay is Permissible.</u>

Suspending an employee without pay has been held to be permissible by the Pennsylvania Supreme Court in Kaplan v. School Dist. of Philadelphia, 388 Pa. 213, 219 (1957). In that case, the Court said:

> The Superintendent of Philadelphia Schools had not only the right but the duty to ask himself whether or not the welfare of the children in Kaplan's classes would suffer from his continuing tutorship. When the Superintendent conscientiously answered the question in the affirmative he had not course open but to suspend Kaplan.

In the instant case, Plaintiff was charged with Terroristic Threats, under 18 Pa.C.S. §2706(a)(1), which is defined as follows:

> (a) *Offense defined*. – A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:
>
> (1) commit any crime of violence with intent to terrorize another.

The Pennsylvania Supreme Court said in School District of Philadelphia v. Twer that, "the maintenance of a public school system is primarily for the education and training of our youth and the incidental financial benefit of those participating therein is of secondary concern." 447 A.2d 222 (Pa. 1982). In applying the sentiment of Twer to the present case, suspending Plaintiff without pay was reasonable. She was charged with an offense involving the communication of a threat of violence with the intent to terrorize. This conduct does not comport with educating children. Considering again that if convicted of the charge, Pesotski would face immediate termination, there is no question that School District

Defendants exercised their discretion appropriately in suspending Pesotski. If she was convicted, there would be no discretion in her termination.

In such a situation, where conviction of a criminal charge would result in an employee's automatic termination, the question posed to school officials is who should bear the burden of Plaintiff's suspension. It is reasonable to decide that taxpayers should not bear that burden. Plaintiff's argument that suspension without pay was unreasonable is suited to the grievance process, not this Court.

      3. <u>Plaintiff's Loudermill Hearing was Sufficient</u>.

In her Brief in Opposition, Plaintiff argues that her <u>Loudermill</u> hearing was insufficient. As we noted in our original brief, public employees are entitled to a pre-termination hearing, but they are not entitled to a full administrative hearing and judicial review. <u>Loudermill v. Cleveland Board of Education</u>, 470 U.S. 532 (1985). The "pre-termination hearing," though necessary, need not be elaborate and the formality and procedural requisites can vary. <u>Id.</u> In short, <u>Loudermill</u> does not require a trial on the merits of Plaintiff's criminal charge. Her suspension need not be proven beyond a reasonable doubt. Instead, presenting her with the charges against her and giving her an opportunity to hear those charges and respond satisfies the due process required. There is no triable issue as to whether or not Plaintiff was charged with a terminable offense. It is a matter of public record. Plaintiff is not entitled to a criminal trial at her <u>Loudermill</u> hearing.

## CONCLUSION

For the reasons set forth herein, along with those presented in Defendants' Motion to Dismiss and Brief in Support thereof, Plaintiff's Complaint should be dismissed with prejudice.

Date: <u>July 31, 2023</u>     Respectfully submitted,


<u>/s/ John E. Freund, III, Esq.</u>
John E. Freund, III, Esq.
PA Attorney ID # 25390
jef@kingspry.com
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
Ph: (610) 332-0390
Fax: (610) 332-0314
*Attorney for Defendants*