IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE L. PESOTSKI, | : | No. 3:23cv479 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| | : | |
| WILKES-BARRE AREA SCHOOL | : | |
| DISTRICT and the WILKES-BARRE | : | |
| AREA SCHOOL DISTRICT | : | |
| BOARD OF SCHOOL DIRECTORS, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Jamie L. Pesotski filed the instant lawsuit against her former employer, the Wilkes-Barre Area School District and the Wilkes-Barre Area School District Board of School Directors, related to her employment at the school. Before the court for disposition, is the defendants' motion to dismiss plaintiff's complaint. Having been fully briefed, the motion is ripe for disposition.

**Background**

At the time of the filing of the complaint, defendants had employed plaintiff for eight years as a paraprofessional at the Wilkes-Barre Area School District High School. (Doc. 1, Compl. ¶ 3). Evidently, sometime in 2021 criminal

charges of some sort were brought against the plaintiff.[1] (See id. ¶¶ 15, 30).

Defendants then directed plaintiff to attend a meeting on September 20, 2021,

with the school's superintendent and/or human resources personnel. (Id. ¶ 8).

Plaintiff attended the meeting, at the conclusion of which school officials told her

that she was suspended without pay. The suspension would end if, and when,

plaintiff was found not guilty of the criminal charges. (Id. ¶ 15). The instant civil

rights lawsuit followed.

Plaintiff instituted the lawsuit by filing a complaint on March 30, 2023

against the Wilkes-Barre Area School District and its Board of School Directors.

The complaint contains the following four causes of action:

Count I – Violation of plaintiff's Due Process rights of the United

States Constitution, brought pursuant to 42 U.S.C. § 1983;

Count II – Violation of plaintiff's Due Process rights of the United

States Constitution, brought pursuant to 42 U.S.C. § 1983;

Count III – Breach of Contract under Pennsylvania state law; and

Count IV – Wrongful Suspension in Violation of Pennsylvania Public

Policy.

---

[1] Plaintiff's complaint does not state the nature of the criminal charges.

In response to the complaint, the defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

Because plaintiff sues pursuant to 42 U.S.C. § 1983, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of Review**

Defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will

reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4

Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

**Discussion**

Before analyzing the defendants' motion to dismiss, the court will address an issue raised in the plaintiff's brief. Defendants have included four exhibits with their motion to dismiss. Plaintiff argues that because defendants have included exhibits, they are seeking summary judgment rather than dismissal under Rule 12(b)(6). No discovery has occurred yet, and a summary judgment motion would be premature according to the plaintiff. Thus, plaintiff argues that it is inappropriate for the court to address the defendants' motion at this time. The court disagrees.

The law provides that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the

5

plaintiff's claims are based on the document." <u>Pension Ben. Guar. Corp. v. White</u>

<u>Consol. Industr., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  The documents that

the defendants present do not fall into the category of documents that the court

may properly review on a motion to dismiss.  The defendants' documents

include:   1) plaintiff's criminal docket report, (Doc. 10); 2) an "Arrest/Conviction

Report and Certification Form" which is not filled out, (Doc. 10-1);  3) an e-mail

apparently from the school district's payroll department indicating the amount of

retroactive pay plaintiff received when her suspension ended (Doc. 10-2); and 4)

a union grievance form evidently filed on plaintiff's behalf.  Plaintiff's claims are

not based upon these documents, therefore, it would be improper for the court to

rely upon them in ruling on the motion to dismiss.  The court will thus address the

motion to dismiss without reference to the defendants' exhibits.  Defendants

move to dismiss all four of the plaintiff's claims.  The court will address them in

turn.

## I.  Counts I and II

Defendants discuss Counts I and II together as they are nearly identical.

Counts I and II both seek relief pursuant to 42 U.S.C. § 1983 ("Section 1983").

(Doc. 1, Compl. ¶¶ 32-38).  Section 1983 does not, by its own terms, create

substantive rights. Rather, it provides remedies for deprivations of rights

established elsewhere in the Constitution or federal law. <u>Kneipp v. Tedder</u>, 95

F.3d 1199, 1204 (3d Cir.1996). To establish a claim under Section 1983, two

criteria must be met. First, the conduct complained of must have been committed

by a person acting under color of state law. Second, the conduct must deprive

the complainant of rights secured under the Constitution or federal law. Sameric

Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir.1998).

Here, the parties do not dispute that the defendants were persons acting

under color of state law. Thus, the issue is whether the defendants' conduct

deprived plaintiff of rights secured under the Constitution or federal law.

Plaintiff's complaint avers a deprivation of procedural due process rights.

(Doc. 1, ¶¶ 35, 38). The due process rights of a public employee are set forth in

Loudermill v. Cleveland Bd. of Educ., 470 U.S. 532 (1985). Loudermill explained

that civil servants have a property interest in their continued employment, thus

they can only be terminated for cause and are entitled to administrative review of

the dismissal. Additionally, they are entitled to a pretermination hearing and an

opportunity to present evidence challenging the discharge. Id. at 563. Such a

pretermination hearing has become known as a "Loudermill Hearing."

Notice of a Loudermill Hearing must be provided to an employee. In

Jennings-Fowler v. City of Scranton, 680 F. App'x. 112, 116 (3d Cir. 2017), the

Third Circuit addressed the extent of the notice required. The Court held that

"[plaintiff] was entitled to 'oral or written notice of the charges against h[er], an

7

explanation of the employer's evidence, and an opportunity to present h[er] side of the story' in connection with the termination meeting." Id. Significantly, the Court stated that "[f]ailure to describe the nature of evidence supporting termination violates due process." Id. (citation omitted). As such, a plaintiff must be informed of the specific evidence that existed to support each of the charges and must be given a sufficient explanation of the evidence against her regarding each of the charges. Charges that do not contain the requisite description and that simply use boilerplate language are not sufficient. Id.

Defendants position is that plaintiff has received all the process which is due because she received a Loudermill Hearing. Accordingly, Count I and II should be dismissed. Plaintiff, on the other hand, argues that dismissal of these counts is inappropriate. After a careful review, the court agrees with the plaintiff.

Defendants, citing to paragraph 17 of plaintiff's complaint, argue that plaintiff admits that she participated in a Loudermill Hearing on September 2, 2021. Paragraph 17, however, avers that: "At the alleged 'Loudermill Hearing' on September 2, 2021, representatives of the School District informed the Plaintiff that there was evidence to support the Plaintiff's termination, and that, as a result, Ms. Pesotski was suspended without pay effective immediately, without providing specific information as to the evidence against Ms. Pesotski, specific witnesses or specific reasons for her suspension without pay." While

8

plaintiff admits that she attended a hearing, contrary to the defendants' argument, she does not "admit" that it was a proper Loudermill Hearing.  Defendant's argument on this point is therefore unconvincing.

Next defendant argues that plaintiff received all the process that was due at the hearing.  As set forth in plaintiff's complaint, however, she avers that the hearing suffered from deficiencies calling into question the protection of her due process rights.  These are factual issues, which cannot properly be determined at the motion to dismiss stage.  Accordingly, defendants' argument is not cogent.

Defendants also point out that plaintiff repeatedly claims that she did not receive notice of the Loudermill Hearing. Per the defendants, she cannot dispute that she received notice because she attached to her complaint a copy of the notice that was sent to her. This letter states that a Loudermill Hearing will be held regarding plaintiff's arrest on the charge of terroristic threats.  (Doc. 1-2). Defendants' argument is unconvincing.

An employee must receive notice of a Loudermill hearing. The law provides that "pretermination notice of the charges and evidence against an employee need not be in great detail as long as it allows the employee 'the opportunity to determine what facts, if any, within [her] knowledge might be presented in mitigation of or in denial of the charges.' " McDaniels v. Flick, 59 F.3d 446, 457 (3d Cir. 1995) (citation omitted). "The pretermination hearing merely serves as

9

'an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.' " Id. at 459 (quoting Loudermill, 470 U.S. at 545-46).

Attached to plaintiff's complaint is an exhibit, a letter from the school district's human resources department regarding "Notice of Loudermill Hearing." (Doc. 1-2). Plaintiff's complaint, however, alleges that she did not receive this correspondence until *after* the hearing took place. (Doc. 1, ¶ 20). At this stage of the proceedings, the court must view plaintiff's allegations as true. Accordingly, the court cannot conclude at this time that plaintiff received appropriate notice of the hearing.[2]

Finally, defendants argue that the school board cannot be held responsible for a constitutional violation unless that violation occurred as a result of the policy, custom, or practice established by the board." C.H. ex rel. Z.H. v. Olivia, 226 F.3d 198, 202 (3d Cir. 2000). Defendants argue that the policy that the School Directors followed complied with Loudermill therefore, it cannot be held

---

[2] According to the compliant, prior to the hearing, plaintiff received an e-mail message from her Union Representative. (Doc. 1, ¶ 8). This e-mail informed plaintiff that she was required to attend a meeting with Defendant Wilkes-Barre Area School District superintendent and/or Wilkes-Barre Area School District Office of Human Resources. (Id.) Plaintiff "requested to know the purpose of the meeting and whether she should have legal counsel present, her request was refused." (Id.)

responsible for any constitutional violation. As addressed above, however, questions of fact exist regarding whether plaintiff received a proper <u>Loudermill</u> Hearing and notice of that hearing. Accordingly, the court rejects defendants' argument.

## II.  Count IV – Wrongful Suspension in Violation of Public Policy

Count IV of plaintiff's complaint avers a Pennsylvania state law cause of action for wrongful suspension without pay in violation of public policy. The law provides that Pennsylvania is typically an "at-will" employment state. <u>McLaughlin v. Gastrointestinal Specialists, Inc.</u>, 750 A.2d 283, 287 (Pa. 2000). An exception to this general rule is when an employee's termination violates a "clear mandate of public policy." <u>Weaver v. Harpster</u>, 975 A.2d 555, 563 (Pa. 2009).

Defendants argue that plaintiff was charged with terroristic threats. If she had been convicted of that charge, she would have been subject to termination from her position under 24 PA. STAT. § 1-111(f.1(2)). Although, defendants may ultimately be correct on this issue, it would be premature for the court to address it without further development of the record. Plaintiff's complaint does not allege what the criminal charges against her were. Thus, the court cannot perform an analysis here.

## III.  Count III

Count III of plaintiff's complaint alleges a state law cause of action for breach of contract. (Doc. 1 ¶¶ 39-47). Defendants argue that this cause of action should be dismissed because the federal law causes of action should be dismissed, and without the federal causes of action this court does not have supplemental jurisdiction over plaintiff's state law claim. As set forth above, however, the court will not dismiss the federal causes of action. Accordingly, the court will still have jurisdiction over the state law claims. See 28 U.S.C. § 1367.

**Conclusion**

For the reasons set forth above, the defendants' motion to dismiss the plaintiff's complaint will be denied. Although plaintiff does admit to attending a hearing, many questions of fact remain. For example, questions exist as to the notice plaintiff received, when it was received, and the substance of the notice. Additionally, questions involving the hearing itself exist. Accordingly, it is inappropriate to dismiss these claims at this time. These issues might better be addressed at the summary judgment stage or at trial when the factual record has been developed. An appropriate order follows.

Date: 3/5/25

JUDGE JULIA K. MUNLEY
United States District Court