**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMIE L. PESOTSKI,** <br> **Plaintiff** <br><br> **v.** <br><br> **WILKES-BARRE AREA SCHOOL DISTRICT; WILKES-BARRE SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS,** <br> **Defendants** | : | **No. 3:23cv479** <br><br> **(Judge Munley)** |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM ORDER**

On March 20, 2023, Plaintiff Jamie L. Pesotski brought this lawsuit against her employer, Wilkes-Barre Area School District, and the school district's board of school directors, alleging various federal and state law claims related to her suspension from employment. (Doc. 1). Before the court is defendants' motion for summary judgment on all counts. (Doc. 30).

**Background**[1]

Plaintiff, Jamie Pesotski, is employed by Defendant Wilkes-Barre School District as a paraprofessional. (Doc. 30-1 ¶ 1). On or about April 18, 2021, plaintiff was arrested and charged with four criminal offenses, including terroristic

---

[1] Unless otherwise indicated, the court cites to the uncontroverted facts from defendants' statement of material facts. (See Docs. 30-1, 32-1). Quotation marks and most citations are omitted when quoting from the statement.

threats, a misdemeanor of the first degree. Id. ¶ 2. At a hearing on September 2, 2021, representatives of the school district informed plaintiff that there was evidence to support the plaintiff's termination, and that, as a result, Pesotski was suspended without pay effective immediately, without providing specific information as to evidence against Pesotski, specific witnesses or specific reasons for her suspension without pay. Id. ¶ 3 (citing Doc. 1 ¶ 17). Although plaintiff did not expect to be suspended, she knew why she was at the hearing. Id. ¶ 4. After the hearing, plaintiff was suspended without pay, pending the disposition of her criminal charges. Id. ¶ 5.

Plaintiff's employment was reinstated on March 22, 2022. Id. ¶ 6. After plaintiff's employment was reinstated, she was provided a check for backpay. Id. ¶ 7.

On these facts, defendants seek summary judgment on two nearly identical claims brought under 42 U.S.C. § 1983, a claim for breach of contract, and one for wrongful suspension in violation of public policy. (see Doc. 1 at 11–14).

**Jurisdiction**

By bringing causes of action under 42 U.S.C. § 1983, plaintiff invokes this court's federal question jurisdiction. 28 U.S.C. § 1331. The court exercises supplemental jurisdiction over any state-law claims plaintiff makes. 28 U.S.C. § 1367(a).

**Standard of Review**

A movant is entitled to summary judgment "when there is no genuine issue of material fact in the case and the moving party is entitled to judgment as a matter of law." Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010) (citation omitted); see also FED. R. CIV. P. 56(a). "A fact is material if its resolution 'might affect the outcome of the suit under the governing law[,]'. . . [a]nd a dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Mall Chevrolet, Inc. v. Gen. Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

At this stage, the judge's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. All "facts in dispute," Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 187 (3d Cir. 2015), and all "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation modified). "[W]hen there is a disagreement about the facts or the proper inferences to be drawn from them, a trial is required to resolve the conflicting versions of the parties." Peterson v. Lehigh Valley Dist. Council, United Bhd. of Carpenters & Joiners, 676 F.2d 81, 84 (3d Cir. 1982).

Furthermore, “a court's role remains circumscribed in that it is inappropriate for a court to resolve factual disputes and to make credibility determinations.” Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) (citation omitted). “[W]here the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true.” Id. (citations omitted).

A motion for summary judgment may also be granted where a moving party demonstrates that the nonmoving party “has not made ‘a showing sufficient to establish the existence of an element essential to that party's case . . . on which that party will bear the burden of proof at trial.’” Mall Chevrolet, Inc., 99 F.4th at 630 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (emphasis removed)). After a moving party carries their burden to show the absence of a genuine, material factual dispute, Rule 56 flips the burden onto “the nonmovant to ‘go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.’” Daubert v. NRA Grp., LLC, 861 F.3d 382, 391 (3d Cir. 2017) (quoting Celotex Corp., 477 U.S. at 324 (emphasis removed) (alteration in original)). The non-moving party must “do more than ‘simply show that there is some metaphysical doubt as to the material facts.’” Id. (quoting Matsushita, 475 U.S. at 586).

## Analysis

### I. Section 1983 Claims

"Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Halsey v. Pfeiffer, 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983). "To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right . . . [and] that the person who has deprived him of that right acted under color state or territorial law.'" Id. (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980) (alterations in original)). Pesotski brings two essentially identical § 1983 counts alleging defendants, a school district and its board, violated her due process rights by failing to provide "notice of accusation and the right to confront his [sic] accusers." (Doc. 1 at 11–12). Pesotski also states her due process rights were violated because, without a hearing, she was suspended without pay. Id.

Even assuming due process violations did occur, to bring § 1983 claims against municipalities such as a school district or its board, plaintiff must allege not only the violations and her harm, but also that defendants "established and maintained a policy, practice or custom which directly caused her constitutional harm." Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989); Barna v. Bd. of Sch. Dir., 877 F.3d 136, 145 n.6, 149–50 (3d Cir. 2017).

Defendants argue that Pesotski has made no such allegations here. (Doc 31 at 9). The court agrees, and this omission is dispositive as to these claims. If anything, Pesotski argues that she was caused harm because the school district and board did not follow policy. (Doc. 1 ¶¶ 9–10). That is the opposite of the showing necessary for Monell[2] liability, and summary judgment must be granted on the § 1983 claims as a matter of law.

## II. Breach of Contract

Pesotski argues that the contract she had with her employer was breached when she was suspended without pay. (Doc. 1 ¶¶ 39–47). Pesotski is subject to a collective bargaining agreement. (Doc. 31 at 12 & n.4; see Doc. 31-1 at 90). While "[i]t has long been established that an individual employee may bring suit against [her] employer for breach of a collective bargaining agreement," she is ordinarily first "required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983) (citations omitted). Defendants argue that Pesotski has not exhausted the grievance process, and so, her breach of contract claim is unavailable to her. (Doc. 31 at 13–14).

Exhaustion of grievance remedies is excused only when a plaintiff alleges her "union, in its representation of the employee in a grievance procedure, has

[2] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

acted in 'such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation.'" Roe v. Diamond, 519 F. App'x 752, 756 (3d Cir. 2013) (quoting DelCostello, 462 U.S. at 164). Plaintiff does not allege any of that in her complaint. At her deposition, plaintiff testified that she gave up on the grievance process. (Doc. 31-1 at 36). Because plaintiff has not exhausted the grievance process by her own admission, summary judgment will be granted on the breach of contract claim.

**III. Wrongful Suspension in Violation of Public Policy**

A claim of wrongful suspension in violation of public policy is available to a Pennsylvania employee when their suspension "violates a 'clear mandate of public policy.'" Pesotski v. Wilkes-Barre Area Sch. Dist., No. 3:23cv479, 2025 WL 714384, at *4 (quoting Weaver v. Harpster, 975 A.2d 555, 563 (Pa. 2009)). When this court denied defendants' motion to dismiss plaintiff's wrongful suspension claim in an earlier opinion, it held that a conviction for terroristic threats would have subjected plaintiff to termination under Pennsylvania law. Id. (citing 24 PA. STAT. § 1-111(f.1)(2)). Implicitly then, there was no "clear mandate of public policy" insisting upon the retention of paraprofessionals charged with making terroristic threats pending the outcome of those charges. See Mamlin v. Genoe, 17 A.2d 407, 409 (Pa. 1941) ("Generally speaking, the Legislature is the body to declare the public policy of a state." (citation modified)). However,

because the specific crime Pesotski was charged with was not part of the complaint, the court was unable to consider the fact of the charge at the motion to dismiss stage. Id.

At summary judgment, the fact of the charge is now before the court, and the court holds that there is no clear mandate of public policy proscribing the suspension of a Pennsylvania school district employee charged with making terroristic threats. Summary judgment will be granted in favor of the defendants on this claim.

For the reasons stated herein, it is hereby **ORDERED** that:

1) Defendants' motion for summary judgment, (Doc. 30), is granted;

2) The Clerk of Court is directed to enter judgment in favor of defendants; and

3) The Clerk of Court is directed to close this case.

**Date:** 11/9/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**